**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
PEDRO AGRA,

                                   Plaintiff,                                **ORDER**

              -against-                                        **23-cv-10255 (AT) (JW)**

GUIDO DOLCI, *et al.*,

                                   Defendant.
-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Parties were heard in a conference on March 6, 2024. During the conference, this Court heard oral argument on Defendants Major Model Management Inc., Guido Dolci, and Major Miami LLC's request to dismiss this action *sua sponte* at Dkt. No. 11. Counsel for Defendants Nadia Shahrik and Mensboard Management, Inc. also appeared at the conference to echo the request for dismissal. This Court notes that Plaintiff is not currently represented by counsel (in other words, Mr. Agra is proceeding *pro se*). Plaintiff opposed the request to dismiss this action, Dkt. No. 14, and Plaintiff instead proposed that this Court stay this action pending his appeal in a bankruptcy action. **For the reasons stated below, Plaintiff's request to stay this action is GRANTED.**

The applicable Defendants argue that this action should be dismissed *sua sponte* because "[o]n June 26, 2023, Plaintiff filed an Adversary Proceeding in the SDNY Bankruptcy Court (Case No. 22-10169 (MG)) making the same claims against Major and the other defendants as are made in the instant action." Dkt. No. 11. On August 18, 2023, Chief United States Bankruptcy Judge Martin Glenn concluded,

"the Complaint [in Case No. 22-10169 (MG) was] dismissed with prejudice with respect to the Debtor [Major Model Management Inc.]. Nothing [therein] affect[ed] Agra's rights to pursue his claims against the non-debtor defendants[.]" Dkt. No. 11-2 at 21.  On December 11, 2023, District Judge Valerie Caproni granted a request from Plaintiff to appeal the decision in Case No. 22-10169 (MG), which is pending before the Court in Case No. 23cv7657.  Dkt. No. 23-1.

At the outset, this Court notes that pursuant to New York Rules of Professional Conduct Rule 3.3(a)(2), a lawyer shall not knowingly "fail to disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."  This Court is troubled that the original letter filed by Defendants in this action failed to disclose and attach Judge Caproni's December 11th order in Case No. 23cv7657, until such order was referenced by Plaintiff.  Additionally, this Court has concerns about the ways Defendants characterized Judge Glenn's decision in an effort to get this Court to award an extraordinary remedy.

"The power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit." Goodman v. Bouzy, No. 21-CV-10878(AT)(JLC), 2023 WL 3296203, at *18 (S.D.N.Y. May 8, 2023), reconsideration denied, No. 21-CV-10878(AT)(JLC), 2023 WL 3949084 (S.D.N.Y. June 12, 2023), and report and recommendation adopted, No. 21-CIV-10878(AT)(JLC), 2023 WL 4235851

2

(S.D.N.Y. June 28, 2023) (quoting Mendlow v. Seven Locks Facility, 86 F. Supp. 2d 55, 57 (D. Conn. 2000)).  Defendants acknowledge that "**if** Plaintiff is successful in his appeal, such case will continue as to all defendants."  Dkt. No. 23 (emphasis added).  This is seemingly a concession that Plaintiff's claims are dependent on the outcome of the appeal before Judge Caproni.  This does not meet the high bar for dismissal *sua sponte*.

Finally, District Courts have the power to "stay or dismiss a suit that is duplicative of another federal court suit." In re MF Glob. Holdings, Ltd., 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012) (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir.2000)). When asked during the conference why a stay would prejudice Defendants, counsel offered no argument.  Conversely, Plaintiff noted that the appeal will be briefed by the end of the month and there would be no prejudice to any party in staying this action.  This Court agrees.  Therefore, the request to stay this action is GRANTED.  The Parties are directed to file letters of no more than 3 pages within one week of a ruling by Judge Caproni including their respective positions on the impact of such ruling on this action.

SO ORDERED.

DATED:     New York, New York
           March 7, 2024

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge