UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
PEDRO AGRA,

                          Plaintiff,

       -against-

GUIDO DOLCI; NADIA SHAHRIK;
MASSIMO TACCHINI; GEMIDE SRL;
MAJOR MODEL MANAGEMENT INC.;
MAJOR MIAMI LLC; MENSBOARD
MANAGEMENT, INC.,

                          Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/30/2025_

23 Civ. 10255 (AT)

**ORDER ADOPTING**
**REPORT AND**
**RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Pedro Agra, brings this action alleging, *inter alia*, sex trafficking, racketeering, and discrimination claims under state and federal law against Defendants, Guido Dolci, Nadia Shahrik, Massimo Tacchini,[1] Major Miami LLC ("Miami"), Gemide Srl ("Gemide"), Major Model Management Inc. ("MMM"), and Mensboard Management, Inc. ("Mensboard") (collectively, "Defendants"). *See generally* Am. Compl, ECF No. 62. Dolci, Shahrik, Miami, Gemide, MMM, and Mensboard move to dismiss Agra's claims against them for lack of personal jurisdiction, insufficient service of process, and failure to state a claim. *See generally* ECF Nos. 68–69. Pursuant to an order of reference, ECF No. 70, the Honorable Jennifer E. Willis issued a report (the "R&R") recommending that: (1) the motions to dismiss filed by Dolci, Shahrik, Gemide, and Mensboard be granted and Agra's claims against them be dismissed without prejudice; (2) Agra be granted an extension of time of 90 days after his deadline to amend the complaint to serve Dolci, Shahrik, Gemide, and Mensboard; (3) Miami's motion to dismiss be granted, Agra's claims against Miami be dismissed without prejudice, and

---

[1] Tacchini has not appeared in this action.

Agra be granted leave to amend; and (4) MMM's motion to dismiss be granted and Agra's claims against MMM be dismissed with prejudice. R&R at 24–25, ECF No. 97.

Before the Court are the timely objections to the R&R filed by Agra, *see* Pl. Objs., ECF No. 99, by Mensboard and Shahrik, *see* Mensboard et al. Objs., ECF No. 100, and by Dolci, Gemide, Miami, and MMM, *see* Dolci et al. Objs., ECF No. 101; *see also* Resp., ECF No. 102. For the reasons stated below, the Court overrules all objections and adopts the R&R in full.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* the portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). But when a party does not object, or "makes only conclusory or general objections, or simply reiterates [its] original arguments," the Court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A finding is clearly erroneous if the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

Because Agra is proceeding *pro se*, the Court construes his submissions "liberally" and interprets them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## DISCUSSION[2]

I. <u>Agra's Objections</u>

A. *Res Judicata* Objections

Agra first objects to the R&R's conclusion that his claims against MMM were adjudicated in a bankruptcy proceeding and are therefore barred by *res judicata*. Pl. Objs. at 1–5. He argues that this conclusion "rests on a clear error of law," specifically that he was denied due process when he did not receive "constitutionally sufficient notice of the bankruptcy and the specific bar date for his sexual harassment claim." *Id*. Agra further contends that he was denied a "[f]air [a]ppeal on the [m]erits" in the underlying bankruptcy proceeding because his formerly retained appellate counsel "systematically denied him *any* meaningful appellate review." *Id.* at 6–7. He finally argues that the bankruptcy discharge should be void because MMM engaged in a "fraudulent scheme to shield assets and undercapitalize" itself. *Id.* at 8 (capitalization altered). Even interpreting Agra's objections "liberally" to "raise the strongest arguments they suggest," *Triestman*, 470 F.3d at 474 (citation omitted) (emphasis omitted), these arguments have been raised and considered both in the underlying bankruptcy proceeding and in the R&R. *See* R&R at 20–21; *see* Resp. at 2–3. Accordingly, the Court reviews the relevant portions of the R&R for clear error. Because Agra cannot "relitigate issues decided in a final order issued by a bankruptcy court," *see Melwani v. Lipton*, No. 17 Civ. 8308 21, 2023 WL 2563113, at *3 (S.D.N.Y. Mar. 16, 2023), the Court finds no clear error in the R&R's conclusion that his claims are barred by *res judicata*. Additionally, because there "is no right to effective assistance of counsel in a civil action," *Dae Hyuk Kwon v. Santander Consumer USA*, 742 F. App'x 537, 541

---

[2] The Court presumes familiarity with the factual and procedural background of this action.

(2d Cir. 2018), Agra's argument that the bankruptcy discharge should be void on the ground of negligent counsel is without merit and the Court finds no clear error in the R&R's conclusion on his claims against MMM.

    B. Service of Process Objections

  Agra next objects to the R&R's application of Federal Rule of Civil Procedure 4 to determine the sufficiency of his service on Defendants because he, "proceeding *in forma pauperis*, relied in good faith on the U.S. Marshals Service and the Clerk of Court to effect service as ordered by this Court." Pl. Objs. at 11–12.  Agra further objects to the R&R's finding that Defendants did not waive a challenge to effective service and argues that they did by "actively participat[ing] in litigation without promptly raising a service objection." *Id.* at 12.  He contends that actual notice cures any technical service defects, *id.* at 13, and that the less strict service of process requirements of Federal Rule of Civil Procedure 5 should apply instead of Rule 4 because the issue was service of process with an amended complaint, not the original complaint, *id.* at 13–14.  Defendants Dolci, Shahrik, Gemide, and Mensboard argue, however, that they have not waived service.  Resp. at 3.  Agra finally states that a 90-day extension after filing the second amended complaint to perfect service is "unduly harsh" but requests that the Court grant it, direct the U.S. Marshall to effect service on Dolci, Shahrik, Mensboard, and Miami, *id.* at 14–15 and direct the Clerk of Court to effect service on Gemide in Italy through the Hague Convention and Federal Rule of Civil Procedure 4(f).  *Id.* at 14–15.

  Whether Defendants were all properly served with Agra's original and amended complaints, whether any of them had effectively waived a challenge to effective service by participating in the litigation, and whether any of them received actual notice of this action are all issues already raised in Agra's opposition to Defendants' motions to dismiss and considered in

4

the R&R.  *See* R&R at 2–3, 6–15.  The Court, therefore, reviews the R&R's conclusions for clear error.

First, because Miami and MMM do not contest service of process, *see* Shahrik et al. Mem. at 10–11, ECF No. 68-6; Gemide et al. Mem. at 10–11, ECF No. 69-1, the R&R made recommendations on service of process issues concerning only Dolci, Shahrik, Gemide, and Mensboard, *see* R&R at 6.  Additionally, although Agra is correct that, by proceeding *in forma pauperis*, "he is entitled to rely on the Court and the U.S. Marshals Service to effect service," it is still his "responsibility to ensure that service is made within ninety days of the date the summons is issued and, if necessary, to request an extension of time for service."  *Williams v. Classic Sec.*, No. 18 Civ. 1691, 2018 WL 11249802, at *1 (S.D.N.Y. Aug. 24, 2018).

Second, the Court has found that defendants waive any arguments about the sufficiency of service of process when those defendants have appeared and participated in the case prior to raising any service issues.  *See Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 136–37 (S.D.N.Y. 1991); *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir. 1990).  Here, as the R&R concluded, Dolci, Shahrik, Gemide, and Mensboard's first filings in this action notified the Court of service issues, and therefore, there is no waiver.  R&R at 7.

Third, because the R&R concluded that Dolci, Shahrik, Gemide, and Mensboard were not properly served with the original complaint, *see* R&R at 7–15, service of the amended complaint is governed by Federal Rule of Civil Procedure 4, not Rule 5.  *See Cont'l Indem. Co. v. Bulson Mgmt., LLC*, No. 20 Civ. 3479, 2022 WL 1747780, at *2 (S.D.N.Y. May 31, 2022) ("Rule 5 is less strict than Rule 4—on the theory that, once a court has obtained personal jurisdiction over a defendant pursuant to service of process, it need not be obtained anew each time an amendment of the complaint is served." (citation omitted)).  Accordingly, Agra's filing of the amended

5

complaint is not sufficient for proper service on these Defendants. *See* Fed. R. Civ. P. 4(c) ("A summons must be served with a copy of the complaint.").

Fourth, because "[d]eficiencies in service are not cured by the fact that a defendant has 'actual notice' of the action," *Fallman v. Hotel Insider, Ltd.*, No. 14 Civ. 10140, 2016 WL 5875031, at *3 (S.D.N.Y. Oct. 7, 2016) (citing *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir. 1991)), Agra's actual notice argument fails.

Fifth, Federal Rule of Civil Procedure 4(m) requires the Court to "dismiss the action without prejudice . . . or order that service be made within a specified time," when a defendant has not been served within 90 days of a complaint being filed. "But if the plaintiff shows good cause for the failure, the [C]ourt must extend the time for service for an appropriate period," Fed. R. Civ. P. 4(m), and "even in the absence of good cause," "courts have discretion to grant extensions under Rule 4(m)." *Agapov v. UBIF Franchising Co.*, No. 23 Civ. 02178, 2024 WL 1018453, at *5 (S.D.N.Y. Mar. 8, 2024) (holding that a discretionary extension is appropriate in the absence of good cause in consideration of four factors: "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendant attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending plaintiff's time for service" (citing *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)). Although Agra objects to the 90-day extension as "harsh," the Court finds no clear error in the R&R's recommendation for a discretionary extension of 90 days upon consideration of the four factors laid out in *DeLuca*. *See* R&R at 22–24. Further, if Agra is unable to perfect service within 90 days, the Court may further extend the time for Agra to perfect service if good cause is shown or, again, in consideration of the *DeLuca* factors. Finally, although Rule 4(m) does not

6

apply to service in a foreign country, "a plaintiff does not have unlimited time to serve a defendant in a foreign country," *Moskovits v. Fed. Republic of Brazil*, No. 21 Civ. 4309, 2024 WL 3299802, at *2 (S.D.N.Y. June 4, 2024), and so there is no clear error in the R&R's recommendation that a 90-day extension should be given for Agra to effect service on Gemide in Italy.

        C. Personal Jurisdiction of Defendant Miami

Agra objects to the R&R's conclusion that Miami's motion to dismiss for lack of personal jurisdiction should be granted, by raising the same arguments already considered in the R&R. Specifically, Agra contends that the Court has personal jurisdiction over Miami as an alter ego of MMM. Pl. Objs. at 15–27. Because Agra restates arguments already raised and considered in the R&R, the Court reviews the R&R's conclusion for clear error. In considering whether one entity is an alter ego for another, the Court will consider various, non-dispositive factors including: "(1) whether there was a failure to observe corporate formalities, (2) evidence of undercapitalization, (3) intermingling of personal and corporate funds, (4) shared office space and phone numbers, (5) any overlap in ownership and directors and (6) whether the corporation was used to perpetrate a wrongful act against the plaintiffs." *See Long Side Ventures LLC v. Hempacco Co.*, No. 22 Civ. 8152, 2023 WL 6386888, at *7 (S.D.N.Y. Sept. 29, 2023). The R&R found that Agra's argument that Miami is an alter ego of MMM is based on "two conclusory paragraphs" in his amended complaint. R&R at 19. Because "conclusory statements are insufficient to establish an alter ego relationship," *see Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc.*, No. 23 Civ. 3454, 2024 WL 989841, at *9 (S.D.N.Y. Mar. 7, 2024), the Court finds no clear error in the R&R's conclusion that Agra has not met his burden in showing that alter ego jurisdiction over Miami exists, *see* R&R at 19–20.

II.   Defendants' Objections

Mensboard and Shahrik and Defendants Dolci, Gemide, Miami, and MMM separately object to the R&R.  In Mensboard and Shahrik's objections, they argue that Agra's claims against them should be dismissed with prejudice because "[t]he time to serve [Mensboard] and Shahrik under . . . Rule 4(m) has long since expired and [Agra] has failed to show good cause warranting any extension."  Mensboard et al. Objs. at 1.  Mensboard and Shahrik already raised these arguments in their motion to dismiss briefing, and the R&R considered them, so the Court reviews the R&R's conclusion for clear error.  As stated above, in certain circumstances, upon consideration of the four factors laid out in *DeLuca*, the Court may grant a discretionary extension under Rule 4(m) even absent a showing of good cause.  *See Agapov*, 2024 WL 1018453, at *5.  The Court finds no clear error in the R&R's application of those factors and its conclusion that a discretionary extension under Rule 4(m) is warranted.  *See* R&R at 22–24.

Miami objects to the R&R's conclusion that Agra's claims against Miami should be dismissed without prejudice and leave to amend should be granted because the amendment would be futile.  Dolci et al. Objs. at 1; Resp. at 3–5.  Because the R&R did not reach the merits of Agra's amended complaint and "*pro se* litigants should be given leave to amend a complaint if a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court rejects Miami's contention that amendment would be futile, and finds no clear error in the R&R's liberal reading of Agra's complaint as it concerns Agra's personal jurisdiction allegations about Miami.  Miami, Dolci, and Gemide also argue that the 90-day extension for Agra to perfect service "should be final."  Dolci et al. Objs. at 3.  However, as stated above, the Court may further extend the time for Agra to perfect service if good cause is shown or in consideration of the *DeLuca* factors.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES all objections and ADOPTS the R&R in FULL. Accordingly, the Court:

1. GRANTS Dolci, Shahrik, Gemide, and Mensboard's motions to dismiss without prejudice;

2. GRANTS Agra an extension of 90 days after the deadline to amend his complaint to serve Defendants Dolci, Shahrik, Gemide, and Mensboard;

3. GRANTS Miami's motion to dismiss without prejudice;

4. GRANTS Agra leave to amend his complaint as it concerns Agra's personal jurisdiction allegations about Miami by **October 30, 2025**; and

5. Grants MMM's motion to dismiss with prejudice.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 68, 69, 100, and 101.

SO ORDERED.

Dated: September 30, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge