**McCue Sussmane Zapfel & Cohen P.C.**
**420 Lexington Avenue**
**Suite 2250**
**NEW YORK, NEW YORK 10170**
TELEPHONE: (212) 931-5500
FACSIMILE: (212) 931-5501

August 12, 2026

Hon. Jennifer E. Willis
United States District Court
Southern District of New York
500 Pearl St.
New York, NY

Re: Agra v Dolci et. al.; 1:23-cv-10255 (AT)(JEW)

Dear Judge Willis,

This firm represents Defendants Gemide SRL, Guido Dolci, and Major Miami LLC, we submit this additional briefing jointly with counsel for Nadia Shahrik and Men's Board Management Inc. regarding whether Plaintiff's proposed Title VII claims were procedurally barred by Plaintiff's New York State Division of Human Rights ("NYSDHR") case, pursuant to the Court's July 29, 2026 Order.

Failure to Exhaust Administrative Remedies by Failing to Obtain EEOC Right-to-Sue Letter

Plaintiff's Title VII claims are barred. Although Plaintiff relies on the NYSDHR proceeding to satisfy the Title VII exhaustion of remedies requirements, Plaintiff fails to show he satisfied the requirement of obtaining a right-to-sue letter from the EEOC. A plaintiff asserting a discrimination claim under Title VII must file a timely complaint with the EEOC and obtain a right-to-sue letter before proceeding in federal court. *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994) (citing 42 U.S.C. §§ 2000e-5(e) and (f)). If 180 days elapse since the filing of a charge, with no action by the EEOC, a plaintiff may then request a right-to-sue letter. *See* 42 U.S.C. §2000e-5(f); *Briggs v. Women in Need, Inc.*, 2010 WL 2076981 (E.D.N.Y. 2010); *Pearson v. Renaissance Hotel Albany*, 2017 WL 8751935 (N.D.N.Y. 2017)(dismissing plaintiff's Title VII claims where plaintiff filed with NYSDHR, but the court was unable to determine if plaintiff had obtained a right-to-sue letter from EEOC). As in *Pearson*, presuming Plaintiff's NYSDHR complaint was cross filed with EEOC, Plaintiff has failed to show his receipt of a right-to-sue letter from the EEOC, which precludes his Title VII claims in this action.

Failure to Exhaust Administrative Remedies on New Claims

Plaintiff's Title VII claims are procedurally barred as to all Defendants for Plaintiff's failure to exhaust administrative remedies under Title VII with respect to claims that were not raised in the NYSDHR case. The Fourth Amended Complaint includes allegations of discrimination based on race, national origin, ethnicity, hostile work environment, and retaliation which were never brought before the NYSDHR and are now barred. ECF 124-6 ¶¶77, 115-116, 240, 248, 342-351.

The Second Circuit recognizes that claims not asserted before the EEOC or state agency may be pursued in a subsequent federal court action if they are 'reasonably related' to those that

were filed with the agency. *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999). "Courts in the Second Circuit have generally held that claims alleging discrimination based upon a protected classification which are different than the protected classification asserted in administrative filings are not reasonably related." *Artis v. Phelps Mem'l Hosp. Ass'n*, 2025 WL 888528 (S.D.N.Y. 2025)(internal citation omitted)(dismissing ADA claims which were not raised in NYSDHR proceeding); *Shands v. Lakeland Cent. Sch. Dist.*, 2017 WL 1194699, at *4 (S.D.N.Y. Mar. 30, 2017)(dismissing claims based on race which were not brought in the EEOC as plaintiff only alleged age discrimination).

In *Wilson v. Southampton Hosp.*, 2015 WL 5124481 (E.D.N.Y 2015) the court dismissed plaintiff's claims of disability discrimination and retaliation, including retaliation related to the EEOC proceeding, as they were not brought in the EEOC proceeding. The court found it especially compelling that in such proceeding plaintiff was provided with check boxes and specifically failed to check the boxes for disability and discrimination. As in *Wilson*, in the NYSDHR Complaint here, Plaintiff only checked the box for Sex discrimination and specifically Sexual Harassment and the NYSDHR Complaint makes no reference to any discrimination based on race, national origin, ethnicity, nor did he make claims of hostile work environment or raise his claims of retaliation. ECF 129-2; *see also Hoffman v. Williamsville Sch. Dist.*, 443 Fed. Appx. 647, 650 (2d Cir. 2011)(finding nothing in the EEOC complaint gave notice to investigate plaintiff's newly claimed retaliation claims).

<u>Failure to Exhaust Administrative Remedies with respect to Gemide, Men's Board, Major Miami</u>

A prerequisite to maintaining a Title VII action is the filing of an administrative complaint naming the defendant against whom relief is sought. 42 U.S.C. § 2000e-5(e). As discussed in Defendants' Opposition (ECF 129 pgs. 15-18), Plaintiff's Title VII claims are procedurally barred by the NYSDHR case for failure to exhaust administrative remedies as to Gemide, Men's Board and Major Miami (the "Unnamed Defendants") as they were not named in the NYSDHR case. *See* ECF 129-2.

Although the Second Circuit recognizes a limited "identity-of-interest" exception, that exception applies only where the relationship between the named and unnamed parties satisfies the factors identified in *Johnson v. Palma*, 931 F.2d 203, 209-210 (2d Cir. 1991). Those circumstances are not present here. Plaintiff was aware of the unnamed parties well before filing his NYSDHR complaint yet elected to proceed administratively excluding them. *See* ECF 129-2. Plaintiff likewise has not demonstrated that the Unnamed Defendants shared such an identity of interest with the named defendants that naming Unnamed Defendants was unnecessary. Excluding the Unnamed Defendants from the NYSDHR proceeding hindered the Unnamed Defendants' opportunity to be heard. Plaintiff failed to plead any relationship, direct or indirect with MBM or Major Miami. See *United Mine Workers v. Coronado Coal Co*., 259 U.S. 344, 395 (1922).

Respectfully Submitted,

| | |
|---|---|
| [signature] | /s/ *Joseph A. D'Avanzo* |
| Kenneth Sussmane | Joseph A. D'Avanzo |
| McCue Sussmane Zapfel & Cohen P.C. | D'Avanzo LLP |