**McCue Sussmane Zapfel & Cohen P.C.**
**420 Lexington Avenue**
**Suite 2250**
**NEW YORK, NEW YORK 10170**
TELEPHONE: (212) 931-5500
FACSIMILE: (212) 931-5501

September 9, 2026

Hon. Jennifer E. Willis
United States District Court
Southern District of New York
500 Pearl St.
New York, NY

Re: Agra v Dolci et. al.; 1:23-cv-10255 (AT)(JEW)

Dear Judge Willis,

This firm represents Defendants Gemide SRL, Guido Dolci, and Major Miami LLC. We submit this letter in response to Plaintiff's September 4, 2026 supplemental briefing in support of his motion to amend. We understand that Plaintiff is pro-se and reluctantly write to address Plaintiff's citation to cases that do not support Plaintiff's position.

Section I of Plaintiff's letter states: "The NYSDHR issued a Dismissal for Administrative Convenience on January 9, 2026 (ECF No. 124-1), which operates as a right-to-sue letter. *Odom v. Doar*, 497 F. App'x 88, 89 (2d Cir. 2012); *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000); see also *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003)."

None of the cases cited (which we have attached hereto) support the proposition that a NYSDHR dismissal operates as a right-to-sue letter. None of the cases even discuss a NYSDHR proceeding or dismissal.

*Odom v. Doar*, 497 F. App'x 88, 89 (2d Cir. 2012) merely ruled that the plaintiff's claim was barred by failure to file a timely administrative claim. It does not address any issue relevant to the case.

In *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000), a right-to sue letter was in fact issued. The court ruled that failure to exhaust administrative remedies with respect to certain claims was not a jurisdictional issue and was waived by defendant as the result of failure to raise the defense until after judgment was entered.

In *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003), a right to sue letter was issued by the EEOC. The case deals with whether claims not raised in EEOC proceeding are reasonably related and can be brought in a subsequent Title VII action.

Plaintiff cites no authority on his failure to obtain a right to sue letter.

Respectfully Submitted,

Kenneth Sussmane