Pedro Agra
500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770-2045; agradg13@gmail.com
(Plaintiff *Pro Se*)

September 13, 2026

The Hon. Jennifer E. Willis
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *Agra v. Dolci et al.*, 23-cv-10255 (AT) (JEW)**
**PLAINTIFF'S REPLY TO DEFENDANTS' SEPTEMBER 9, 2026 LETTER**

Dear Judge Willis,

Plaintiff Pedro Agra, proceeding *Pro Se*, submits this reply to Defendants' September 9, 2026 letter (ECF No. 141), which argues that Plaintiff's cited cases do not support the proposition that a NYSDHR dismissal operates as a right-to-sue letter. Defendants mischaracterize both the cited cases and the governing law.

**I. Plaintiff's NYSDHR Dismissal Satisfies the Right-to-Sue Requirement**

Defendants' core argument—that "Plaintiff cites no authority on his failure to obtain a right to sue letter"—is incorrect. Plaintiff's NYSDHR Dismissal for Administrative Convenience (ECF No. 124-1) states that the complaint is "dismissed for administrative convenience" under N.Y. Exec. Law § 297.3(c). Under New York law, when the NYSDHR dismisses for administrative convenience, the complainant "shall maintain all rights to bring suit as if no complaint had been filed with the division." N.Y. Exec. Law § 297(9). *Promisel v. First American Artificial Flowers, Inc*., 943 F.2d 251, 256-57 (2d Cir. 1991) (citing N.Y. Exec. Law § 297(9)).

Moreover, the Workshare Agreement between the NYSDHR and the EEOC provides that "[a] charge filed with the NYSDHR may be deemed a charge filed with the EEOC for exhaustion purposes," provided it is dual-filed. *Pustilnik v. Hynes*, No. 96-CV-3989 (JG), 1998 WL 813411, at *4 (E.D.N.Y. July 21, 1998); see also *Ford v. Bernard Fineson Dev. Ctr*., 81 F.3d 304, 309 (2d Cir. 1996) ("If . . . the charging party initially presents a document to the state agency and requests that the charge be presented to the EEOC, the charge will be deemed to be filed with the EEOC."). Plaintiff's NYSDHR complaint was dual-filed with the EEOC on December 1, 2020 (Federal Charge No. 16GC100597). The NYSDHR's Dismissal operates as the functional equivalent of a right-to-sue letter, satisfying exhaustion. See **Exhibit A**.

Defendants' contrary argument ignores both the plain text of the statute and the Workshare Agreement.

**II. *Stiefel v. Bechtel Corp*. Provides Persuasive Authority on Dual-Filed Charges**

While not binding in the Second Circuit, *Stiefel v. Bechtel Corp*., 624 F.3d 1240 (9th Cir. 2010), directly addresses dual-filed charges. The Ninth Circuit held that "a plaintiff who files with a state agency 'need not file a separate complaint with the EEOC nor receive an EEOC right-to-sue letter in order to file suit.'" *Id.* at 1245. The court reasoned that "once a plaintiff is entitled to receive a right-to-sue letter (as [a plaintiff] was once the EEOC did not timely act on her properly filed charge), it makes no difference whether the plaintiff actually obtained it." Id. (quoting *Surrell v. Cal. Water Serv*., 518 F.3d 1097, 1105 (9th Cir. 2008)). This principle applies directly here. Plaintiff's NYSDHR complaint was dual-filed with the EEOC on December 1, 2020. The NYSDHR issued its Dismissal on January 9, 2026—well over 180 days after the charge was filed. Under *Stiefel*, Plaintiff became entitled to an EEOC right-to-sue letter once the EEOC failed to timely act on his properly filed charge, regardless of whether he actually obtained a separate EEOC letter. See 42 U.S.C. § 2000e-5(f)(1).

**III. *Deravin v. Kerik* Supports Plaintiff's Position on "Reasonably Related" Claims**

Defendants correctly note that a right-to-sue letter was issued in *Deravin*. But they ignore *Deravin*'s central holding: claims not expressly raised in an administrative charge may be pursued if they are "reasonably related"

to those that were filed. *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). The court emphasized that this exception "is essentially an allowance of loose pleading" because "EEOC charges frequently are filled out by employees without the benefit of counsel." Id. at 201 (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev*., 990 F.2d 1397, 1402 (2d Cir. 1993)).

In *Deravin*, the plaintiff checked only "retaliation" and "national origin," but the court found his race discrimination claim reasonably related because "an allegation of preferential treatment for Irish-American employees fairly encompasses a claim of discrimination against minority employees." *Id*. at 203. The facts alleged "were sufficient to alert the EEOC to look for potential race discrimination." *Id*. Here, Plaintiff's NYSDHR complaint alleged sexual harassment, retaliation, hostile work environment, and the Enterprise's structure. As in *Deravin*, the Title VII claims arise from the same facts and fall within the scope of the NYSDHR investigation.

**IV. *Francis* and *Odom* Establish That The Right-To_Sue Requirement is Waivable, And Defendants Waived It.**

Defendants' observation that a right-to-sue letter was issued in *Francis* is irrelevant. The holding of *Francis* is not about whether a letter was issued; it is about whether the exhaustion requirement is jurisdictional. The Second Circuit held it is not: "the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement." *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000). More importantly, *Francis* relied on *Pietras v. Board of Fire Commissioners*, 180 F.3d 468 (2d Cir. 1999), where the Second Circuit held that "plaintiff's failure to obtain a notice-of-right-to-sue letter is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court." *Id*. at 474. In *Pietras*, the Second Circuit upheld the district court's waiver of the right-to-sue letter requirement. *Id*. The same result follows here.

*Odom v. Doar*, 497 F. App'x 88, 89 (2d Cir. 2012), reaffirms this principle: "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling" (citing *Francis*, 235 F.3d at 767). Defendants' assertion that *Odom* "does not address any issue relevant to the case" is incorrect. *Odom* explicitly reaffirms that the timely-charge requirement—and by extension the right-to-sue requirement—is subject to waiver. *Id.* Defendants' delay in raising the right-to-sue issue is comparable to the waiver found in *Francis*. In *Francis*, defendants failed to raise exhaustion until after judgment.

Here, Defendants failed to raise it in their February 26, 2026 opposition and waited nearly six months—until August 12, 2026—to raise it, and only after the Court ordered additional briefing. The length of the delay is not dispositive; what matters is that Defendants had opportunity to raise the issue and failed to do so, such that their conduct constitutes waiver under *Francis*. Even if the Court finds Plaintiff failed to obtain a formal EEOC right-to-sue letter, Defendants waived this objection. Defendants cannot raise a procedural objection for the first time six months after filing their opposition, and only after the Court ordered additional briefing.

**V. Defendants' Letter Exceeds the Scope of the Court's July 29, 2026 Order**

Because the letter was filed without leave, it is not properly before the Court, and the Court may disregard it entirely. Plaintiff submits this reply out of caution and to correct the record, but respectfully requests that the Court strike ECF No. 141 or, in the alternative, treat it as a sur-reply[1].

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to amend and deny Defendants' opposition.

Respectfully submitted,

[signature]

Pedro Agra (Plaintiff *Pro Se*)

1 Plaintiff has formatted this reply in single-spaced text to match Defendants' September 9 letter. If the Court prefers double-spacing, Plaintiff will promptly refile.