Karolina Marciniak, PhD
500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770-2045
marciniak.kar@gmail.com
**Relationship to Plaintiff: Wife**

October 13, 2026

**Via ECF**
The Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**In re: Agra v. Dolci et al., 23-cv-10255 (AT) (JEW)**

Dear Judge Torres,

I am writing in my individual capacity as the wife of Plaintiff Pedro Agra. I am not an attorney, I do not represent Mr. Agra, and I am not filing a motion on his behalf. I write because Mr. Agra is currently in a severe mental health crisis and is unable to manage his legal affairs.

I respectfully request two forms of relief:

(1) Reopening of this case so that a representative appointed under Rule 17(c)(2) may pursue relief on Mr. Agra's behalf; and

(2) An extension of time to file a Rule 60(b) motion to vacate the stipulation of dismissal and a motion for reconsideration of the Court's September 29, 2026 Order (ECF No. 144), until the competency issue is resolved and a representative is appointed.

## I. The Lawsuit Has Merit: The NYSDHR Found Probable Cause and Certified Criminal Activity

The New York State Division of Human Rights ("NYSDHR") found PROBABLE CAUSE to believe unlawful discrimination occurred (**Exhibit A**), and issued a U-visa certification attesting that Mr. Agra is a victim of qualifying criminal activity (**Exhibit B**). A state agency has investigated the claims, credited corroborating witness testimony, and recommended the matter for public hearing. These findings establish that the litigation has merit.

## II. Mr. Agra Is in Acute Psychiatric Crisis and Was Incompetent to Sign the Stipulation

### A. *Mr. Agra's Documented Mental Health History*

Mr. Agra has a documented psychiatric history dating back to 2019 (**Exhibit AA, Exhibit BB, in camera**). His treating providers at The Floating Hospital diagnosed him with psychotic disorder, unspecified, on April 2, 2026 ((**Exhibit BB, page 9 in camera**). The records also document that Mr. Agra holds fixed, false beliefs that impair his reality testing and his ability to make reasoned decisions about his legal affairs. (**Exhibit CC, Affidavit of Karolina Marciniak, PhD ("Affidavit of KMA"), Unredacted Affidavit of KM, in camera**).

### B. *The Stipulation Was Signed During an Acute Crisis*

On August 14, 2026, I wrote to the Court explaining that Mr. Agra was "temporarily unable to manage his legal affairs" due to a serious medical condition (ECF No. 137). The Court granted a sua sponte extension (ECF No. 138). On September 21, 2026, Mr. Agra filed a letter to the Court that is disorganized, refers to himself in the third person, and reflects a confused understanding of his procedural posture (ECF No. 143). During this same period, Mr. Agra was separated from the home and from his support system as a result of the crisis (**Exhibit DD, Affidavit of KM**). On October 7, 2026, while still in acute psychiatric crisis and

without counsel, Mr. Agra signed a stipulation of dismissal with prejudice (ECF No. 146). On that same day, Mr. Agra refused legal representation that I had arranged for him. (**Affidavit of KM**). A disinterested actor in a separate matter arising from the same mental health crisis has independently reviewed the medical evidence and is arranging an in-person evaluation of Mr. Agra. (**Affidavit of KM, Unredacted Affidavit of KM ¶¶ 44–50; Exhibit DD, in camera**).

Based on my review of the medical records and my personal observations, Mr. Agra was in acute psychiatric crisis on October 7, 2026. The Affidavit sets forth the basis for my belief that he was not capable of understanding the nature and consequences of the stipulation. A stipulation of dismissal is a dispositive act, and a representative appointed under Rule 17(c)(2) should be permitted to challenge it under Rule 60(b). (**Affidavit of KM, Unredacted Affidavit of KM, in camera**)

**III. <u>The Court Should Exercise Its Rule 17(c)(2) Authority and Reopen the Case</u>**

Under Rule 17(c)(2), the court "must appoint a guardian ad litem—or issue another appropriate order—to protect a[n] ... incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Rule 17(c)(2) is triggered where there is “actual documentation or testimony” of the plaintiff’s mental incompetency. *Perri v. City of New York*, 350 F. App’x 489, 491 (2d Cir. 2009)(summary order)(quoting *Ferrelli v. River Manor Health Care*, 323 F.3d 196, 201 n.4 (2d Cir. 2003). As the Second Circuit directed in *Ferrelli*, it would likely be an abuse of discretion to not consider the issue when "presented with ...verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." 323 F.3d at 201.

Mr. Agra is unrepresented, in acute psychiatric crisis, and has no attorney. I am willing to serve as guardian ad litem or next friend, subject to the Court's approval. I recognize Mr. Agra’s current temporary separation from home may affect this role and am willing to serve in a limited capacity or work with any representative the Court appoints. In the alternative, if the Court determines that a guardian ad litem is not necessary, the discretionary appointment of counsel may serve as an appropriate alternative under 28 U.S.C. § 1915(e)(1). When considering the discretionary appointment of counsel for an indigent litigant, the Court should "first determine whether the indigent's position was likely to be of substance." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)). For the reasons set forth in this letter, Mr. Agra's claims satisfy this threshold. If a guardian or counsel is appointed, the case should be reopened so that the representative may pursue relief on Mr. Agra's behalf.

**IV. <u>Grounds for Relief Once the Case Is Reopened</u>**

Mr. Agra's claims are supported by record evidence that the Court did not have when it issued the September 29, 2026 Order (ECF No. 144). A representative appointed under Rule 17(c)(2) should be afforded the opportunity to pursue the following grounds for reconsideration.

A. *<u>The Court Overlooked the Dual-Filing Authorization</u>*

The Court found Mr. Agra "fails to plead" dual-filing because he did not provide "written authorization to send the NYSDHR charge to the EEOC." ECF No. 144, at 8. The record contains that authorization. The NYSDHR Verified Complaint states: "I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC)." (**Exhibit C**). The EEOC Notice confirms: "HAS BEEN RECEIVED BY: The New York State Division of Human Rights (FEP Agency) and sent to the EEOC for dual filing purposes." (**Exhibit D**). The NYSDHR Closing Statement identifies "Federal Charge No. 16GC100597." (**Exhibit E**). The Court's finding is contradicted by the record.

B. *<u>The Court Overlooked That the NYSDHR Stayed the Case, Not Dismissed It</u>*

The Court assumed Mr. Agra requested a dismissal that was granted. But the NYSDHR did not grant his May 1, 2023 request (see **Exhibit F** for Mr. Agra’s letter). It stayed the proceeding due to bankruptcy on May 5, 2023. (**Exhibit G**). The case was not dismissed until January 9, 2026, after Mr. Agra had changed his position and was actively seeking a hearing. (**Exhibits H-L**). The delay was caused by the bankruptcy stay, not his inaction.

C. *The Right-to-Sue Letter Has Now Been Requested*

On October 8, 2026, a formal request to the EEOC New York District Office for a Notice of Right to Sue was submitted in connection with Charge No. 16GC100597 (**Exhibit M**). Under *Pietras v. Board of Fire Commissioners*, 180 F.3d 468, 474 (2d Cir. 1999), the failure to obtain a right-to-sue letter is "not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court," and can be excused on equitable grounds.

D. *The NYSHRL Claims Are Timely Under the Continuing Violation Doctrine*

The Court held the NYSHRL claims time-barred because the latest act was August 2020. ECF No. 144, at 9. But the operative First Amended Complaint ("1AC", ECF No. 62) pleads a continuous retaliatory campaign: the August 2020 non-renewal (1AC ¶¶ 99–100); the December 2020 threats of criminal charges (1AC ¶¶ 137–140); the 2021 witness tampering (1AC ¶¶ 143–145); the 2022 bankruptcy fraud (1AC ¶¶ 148–156); and the May 1, 2023 threat of "all available steps" if Mr. Agra did not retract his claims (1AC ¶ 164; **Exhibit N**). The NYSDHR found this was a continuing pattern that "must be considered as a whole." (Exhibit A). The 2023 threat is the final actionable event within the limitations period. Under the continuing violation doctrine, the claims are timely.

E. *The Non-Compliance with the Court's Amendment Directives Is Explained by Mr. Agra's Mental Health Crisis*

The Court denied leave to amend in part because Mr. Agra repeatedly failed to comply with the Court's directive to limit amendments to personal jurisdiction allegations concerning Defendant Miami. ECF No. 144, at 11–12. That finding should be reconsidered in light of Mr. Agra's documented mental health crisis . The pleadings that exceeded the Court's scope were filed during the period when Mr. Agra's condition was deteriorating **(Affidavit of Karolina Marciniak, PhD, Exhibits AA, BB, in camera)**. His inability to follow the Court's directives was a symptom of his illness, not a strategic choice or dilatory tactic.

**IV. Request for Relief**

For the foregoing reasons, I respectfully request that the Court:

1. Take notice of the circumstances described in this letter and the accompanying Affidavit and Exhibits;

2. Review the unredacted Affidavit and competency-related documents in camera to protect Mr. Agra's privacy (**Unredacted Affidavit of KM, Exhibit AA- DD, in camera, submitted to Chambers**).

3. Consider whether Mr. Agra may be incompetent and whether his interests are adequately protected.

4. If appropriate, exercise its authority under Rule 17(c)(2) to appoint a guardian ad litem or next friend (if appropriate, consider me for this role), or issue another appropriate order, including appointment of counsel or allowing time to obtain counsel.

5. Grant an extension of time to file a Rule 60(b) motion to vacate the stipulation of dismissal and a motion for reconsideration of the Court's September 29, 2026 Order (ECF No. 144), until the competency issue is resolved and a guardian ad litem, next friend, or counsel is in place to file them.

6. If a guardian ad litem or next friend is appointed, permit that person to retain counsel to pursue appropriate relief on Mr. Agra's behalf, including filing a Rule 60(b) motion to vacate the stipulation of dismissal and a motion for reconsideration of the Court's September 29, 2026 Order (ECF No. 144) in light of the dual-filing authorization and the NYSDHR stay and dismissal timeline.

Thank you for your consideration.

Respectfully submitted,

KAROLINA MARCINIAK, PhD

Karolina Marciniak

(Plaintiff Pedro Agra's Wife)