**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
PEDRO AGRA,

Plaintiff,

-against-

GUIDO DOLCI, *et al.*,

Defendants.
-----------------------------------------------------------------X

**ORDER**

**23-CV-10255 (AT) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Karolina Marciniak ("Marciniak"), the wife of Plaintiff Pedro Agra, was warned by the Court on August 26, 2026 that she may not file anything on the docket in this matter because she is neither an attorney of record nor a party to this case. See Dkt. No. 138. Despite this explicit warning, on October 13, 2026, Marciniak filed an additional letter and numerous attached exhibits on the docket and also sent several other exhibits to chambers via email for an *in camera* inspection. See Dkt. Nos. 147–148. She requests, among other things, (1) that she be appointed as guardian ad litem for Plaintiff because he is allegedly incompetent; (2) an extension of time to file a Rule 60(b) motion to vacate the stipulation of dismissal at Dkt. No. 146; and (3) reconsideration of this Court's denial of Plaintiff's motion for leave to amend at Dkt. No. 145. She asserts that she is making these requests because Plaintiff is allegedly "currently in a severe mental health crisis and is unable to manage his legal affairs." Dkt. No. 147.

In response to Marciniak's filing, the Court received both a direct phone call from Plaintiff Agra on October 14 and a letter from Defendants at Dkt. No. 149.

The Court finds Marciniak's filing to be wholly inappropriate and will disregard it for multiple reasons detailed below.

First, as discussed in the prior order on August 26, Marciniak is not authorized to make ECF filings in this case. See Dkt. No. 138. Worse still, where her previous letter was filed using her own Pacer credentials (see Dkt. Nos. 136–137), this submission was filed under Plaintiff's Pacer credentials. The Southern District of New York Electronic Case Filing Rules and Instructions makes it clear that utilizing ECF serves as a signature, and that the signature block within any document **must** match the name on the ECF account that files the document. See S.D.N.Y. Elect. Case Filing and Instructions R. 8.1, 8.3. Additionally, in violation of the ECF redaction requirements, the filing by Marciniak (which the Court has now sealed) is replete with Plaintiff's unredacted medical and personal information. See id. at R. 21.3, 21.4. Marciniak was required to familiarize herself with these rules prior to receiving ECF privileges in her own litigation for which she was *pro se*. And her disregard of those rules here, jeopardizes her ability to maintain ECF access.

Second, in her August 19th letter, Marciniak implied that the letter was filed on Plaintiff's behalf and with his consent. But she admits in the October letter that she has not had **any** contact with Plaintiff since August 2026. Indeed, a review of Exhibit DD of the *in camera* documents reveals Marciniak and Plaintiff have not had any contact since **August 4, 2026**, two weeks before the August 19 letter. See Dkt. Nos. 136, 137.

Third, as with her first unauthorized letter, Marciniak claims to represent Plaintiff's interests, and now raises the specter that Plaintiff may not currently be competent to handle his legal affairs. Because of the claim of possible incompetence, out of an abundance of caution, the Court has reviewed the attached medical exhibits and finds that they provide *no evidence* that Plaintiff is currently incompetent under Rule 17(c) of the Federal Rules of Civil Procedure. The most recent medical assessment of Plaintiff provided by Marciniak is dated April 2, 2026—over 6 months ago. While these documents do indicate that Plaintiff showed symptoms of a mental illness at that time, they are far short of the evidence necessary to demonstrate a lack of competence under the law. And given Marciniak's complete lack of contact with Plaintiff since at least August 4, 2026, her allegations regarding Plaintiff's current alleged incompetence are pure speculation.

Lastly, and most significantly, the Court received a call from Plaintiff one day after Marciniak's filing confirming that he did not authorize Marciniak to file anything on his behalf or to even reach out to the Court on his behalf. He also confirmed that he knowingly and intentionally signed the stipulation of voluntary dismissal at Dkt. No 146. Of note, nothing during the brief call with Plaintiff on October 14 raised any concerns with the Court about Plaintiff's competence.

Marciniak's antics will not be tolerated by the Court. She is not an attorney of record, and indeed is not an attorney at all. Nor is she a party to this case. She has no authority to speak for Plaintiff, has not communicated with Plaintiff in months, attempted to mislead the Court through her August filing, has made public highly

personal information about Plaintiff without his consent and she has thoroughly disregarded the filing rules for ECF and the directives of this Court. Marciniak is warned for the last time that she may not make filings in this case. Further disregard of Court rules and orders **will** have consequences including the potential loss of her own ECF privileges.

**The Clerk of Court is respectfully requested to close Dkt. No. 147.**

SO ORDERED.

DATED: New York, New York
October 19, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge